IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RALPH TAYLOR, JR., #1064683,

    Petitioner,

v.                                     Action No. 2:15cv246

HAROLD CLARKE,
Director, Virginia Department
of Corrections,

    Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ralph Taylor, Jr. ("Taylor") has moved the court to alter or amend the judgment dismissing his petition for habeas relief under 28 U.S.C. § 2254. Taylor's motion amplifies arguments he made in his original petition challenging his 63-year sentence imposed following his state convictions arising from two separate shootings that occurred February 18, 2002. Taylor, who was sixteen years old at the time of his offenses, argues that his 63-year active period of incarceration is the practical equivalent of a life sentence. His motion to alter or amend the judgment sets forth additional arguments in support of his claim that his sentence is unconstitutional in light of the United States Supreme Court's holding that juvenile defendants may not be sentenced to life in prison without parole for non-homicide offenses. Graham v. Florida, 560 U.S. 48, 70 (2010).

1

The "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). The Fourth Circuit has articulated three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Though not specifically stated, this report construes Taylor's petition under the third ground, avoiding an error or manifest injustice arising from the dismissal of his sentencing claim.

Taylor's original petition did not include any challenge to his sentence, but while it was pending he filed a motion for leave to amend the petition to assert a sentencing claim under Graham. (ECF No. 18) (filed September 15, 2015). The Report and Recommendation filed by the undersigned recommended that the court grant leave to amend and consider the claim, but noted that the Supreme Court's prohibitions against life without parole sentences for juveniles did not apply to Taylor because he was not sentenced to life in prison. R. & R. (ECF No. 25, at 26). Although Taylor objected to the report, the District Judge, following a de novo review, adopted the Report and Recommendation allowing Taylor to amend his petition and assert

2

his sentencing claim, and the court dismissed his claims, entering final judgment on June 3, 2016.

On June 13, 2016, within the time permitted by Federal Rule of Civil Procedure 59(e), Taylor filed his "Motion to Alter or Amend the Judgment." (ECF No. 31). Like his amended petition, the motion contends that a 63-year active sentence is the practical equivalent of a life sentence, and that because Virginia has abolished parole for offenses committed after 1995, his sentence is unconstitutional under Graham. He urges the court to reconsider his sentencing claim, or authorize a Certificate of Appealability on that issue.

As Taylor notes, some state courts have held that the rationale of Graham applies to lengthy term-of-years, or aggregate, sentences which are – in practical terms – similar to life in prison, and thus subject to Graham. See Hayden v. Keller, 134 F. Supp. 3d 1000, 1007-08 (E.D.N.C. 2015) (citing state cases including Casiano v. Comm'r of Corrs., 115 A.3d 1031, 1047 (Conn. 2015); and Bear Cloud v. State, 334 P.3d 132, 144 (Wyo. 2014) (describing an aggregate sentence of just over 45 years as the defacto equivalent of life without parole)). At least one judge of this court has expressed a similar view. LeBlanc v. Mathena, No. 2:12cv340, 2015 WL 4042175, at *19 n.10 (E.D. Va. July 1, 2015). On the basis of this authority, Taylor

3

urges the court to reevaluate his sentencing claim, or in the alternative, grant a Certificate of Appealability on this issue.

Although Taylor has persuasively argued his constitutional sentencing claim, the authority he relies upon is from other state jurisdictions. Virginia (where Taylor was sentenced) has thus far taken a substantially narrower view of Graham. Angel v. Commonwealth, 704 S.E.2d 386, 401 (Va. 2011); see also Blount v. Clarke, 782 S.E.2d 152, 154 (Va. 2016). In Angel, the Supreme Court of Virginia held that a Virginia statute providing the possibility of a conditional geriatric release on attaining age sixty met Graham's requirement to provide a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." Id. (citing Graham, 560 U.S. at 75). The court's decision in Angel has since been relied upon to deny habeas sentencing claims filed by Virginia inmates sentenced to multiple life sentences. See Blount, 782 S.E.2d at 154. In LeBlanc v. Mathena this court found Virginia's reliance on geriatric release to deny habeas relief was contrary to clearly established federal law. As a result, petitioner LeBlanc's sentence of two life terms without parole for a non-homicide offense was deemed unconstitutional under Graham. LeBlanc, No. 2:12cv340, 2015 WL 4042175, at *9-11.[1] In Taylor's case, however, even if the court were to conclude that his term-of-

---

[1] The LeBlanc decision is presently before the Fourth Circuit on appeal.

4

years sentence fell within Graham's constitutional bar, at the present time, he still would not have a claim because the right established by Graham first became available to him in 2010. See In re Evans, 449 Fed. Appx. 284 (4th Cir. 2011) (granting permission for successive petition under 28 U.S.C. § 2255 and recognizing Graham as a new rule made retroactively applicable). Accordingly, Taylor was required to file his claim under Graham within one year of the new rule's availability. 28 U.S.C. § 2244(d)(1)(C). Taylor's petition in this court was filed June 6, 2015, and amended to assert the Graham claim on September 15, 2015, at least three years after the statute of limitations expired. Accordingly, his amended pleading asserting the claim in 2015 is time barred. See In re Vassell, 751 F.3d 267, 270 (4th Cir. 2014) (denying permission to file successive habeas petition under Graham in part due to time-bar). Because Taylor's constitutional sentencing claim is not supported by the existing precedent and is time barred, and he has not articulated any other basis to alter or amend the court's prior judgment, the undersigned recommends that the court deny his motion under Rule 59(e).

## REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with

the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Report and Recommendation to the Petitioner and provide an electronic copy to counsel of record for the Respondent.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 1, 2016

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Ralph Taylor, Jr.**
#1064683
Sussex II State Prison
24427 Musselwhite Dr.
Waverly, VA 23891

and an electronic copy was provided to:

**Benjamin Hyman Katz**
Office of the Attorney General
202 North Ninth Street
Richmond, VA  23219

Fernando Galindo, Clerk

By_____
Deputy Clerk

__July 1__, 2016